DAVID SHELDON, plaintiff in error *v.* WILLIAM REIHLE and JOSEPH BAINS, defendants in error.

### *Error to Madison.*

A motion to dismiss an appeal from the verdict of a jury on the trial of the right of property before a sheriff, is addressed to the discretion of the Court, and the decision of the Circuit Court on such motion, cannot be assigned for error.

The Supreme Court will presume that a bond executed by an attorney in the name of his principals, and filed in the Court below, was executed by a person duly authorized, and that the Court below was satisfied of that fact, unless the contrary appears.

A bond, on appeal from the decision of a sheriff's jury on the trial of the right of property, may be executed by an attorney in fact.

On the trial of the right of property levied on by attachment, the writ of attachment and return thereon, are admissible in evidence.

The verdict of a jury in the Circuit Court, on the trial of the right of property, found the title in the defendant in the attachment: *Held* that the finding was sufficiently formal and explicit, as it negatived the title set up by the claimant.

On the 27th of September, 1832, Reihle and Bains sued out of the Morgan Circuit Court, a writ of attachment against the estate of one Samuel P. Judson, which was levied by the sheriff of Morgan county, upon certain personal property which was claimed by David Sheldon. The sheriff thereupon summoned a jury to try the right of property, and a verdict was rendered for the claimant. Reihle and Bains appealed to the Circuit Court of Morgan county, and delivered to the sheriff a bond executed as follows:

"WILLIAM REIHLE,
JOSEPH BAINS,                    [L.S]
By their attorney in fact,
STEPHEN B. SEXTON.
THOMAS POYNE,              [L.S.]
JOSEPH CODDINGTON,      [L.S.]"

The bond was duly returned by the sheriff with the writ of attachment, and filed in Court.

A change of venue was had to the Madison Circuit Court; and at the October term, 1833, the Hon. Theo. W. Smith presiding, Sheldon moved to dismiss the appeal for the following reasons:

" 1. No appeal bond has been executed and given by Reihle and Bains, the appellants in this case, as required by law.

2. No appeal bond has been given in this case by any person properly and legally authorized by the appellants.

3. The appeal bond given in this case is not executed by the proper parties, and is not such as the law requires."

The Court overruled this motion, and an exception was taken to the decision.

On the trial in the Circuit Court, the defendants in error, Reihle and Bains, offered to read in evidence the writ of attachment and return thereon, showing a levy upon the property claimed by the plaintiff in error, which was objected to by Sheldon, but admitted by the Court. An exception to this decision was noted, and a bill of exceptions taken.

The jury found the title of the property to be in the defendant, Judson. Judgment was rendered for the plaintiffs in the Court below, Reihle and Bains, upon this verdict.

JESSE B. THOMAS and DAVID PRICKETT, for the plaintiff in error.

WM. THOMAS, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court:

Several errors are assigned for the reversal of this judgment, —none of which are considered sufficient. The motion to dismiss the appeal from the verdict of the sheriff's jury for the trial of the right of property, was addressed to the discretion of the Court, and the decision upon that motion, therefore, cannot be assigned for error. The appeal bond executed by an attorney in fact, is sufficient; and as nothing to the contrary appears, we must presume that the Court below was satisfied that the attorney was properly constituted such.

The attachment was properly received as evidence, for the purpose of showing the plaintiff's right to take the property, and, for that purpose, was the only evidence that could be adduced.

The finding of the jury was sufficiently formal and explicit; their deciding the goods to belong to Judson, the debtor in the attachment, negatives the title to them set up by the claimant.

The judgment is affirmed with costs.

*Judgment affirmed.*

Note. See Campbell et al. v. The State Bank of Illinois, *Ante* 423; Pearce et al. v. Swan, *Ante* 266, and note; Arenz v. Reihle et al., *Ante* 340.